HAL P. GAZAWAY, P.C.
8620 Boundary Avenue
Anchorage, Alaska 99504
(907) 338-8111
(907) 338-8118 facsimile

Attorney for Plaintiff

RECEIVED

AUG 2 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RICHARD TRZESNIOWSKI,          )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )     No. A05-181 CIV (RRB)
SIGNATURE FLIGHT SUPPORT       )
CORPORATION,                   )
                               )
          Defendant.           )
_____)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

### AMENDED COMPLAINT

COMES NOW the plaintiff RICHARD TRZESNIOWSKI, (hereinafter Trzesniowski) by and through his attorney, Hal P. Gazaway, and for his action against defendant SIGNATURE FLIGHT SUPPORT CORPORATION, (hereinafter Signature) alleges as follows:

I.

Plaintiff is a resident of the State of Alaska.

Defendant is a corporation in good standing under the laws of the State of Alaska and doing business in the State of Alaska.

II.

The unlawful acts complained of took place in the Third Judicial District of the State of Alaska.  Jurisdiction and venue lay with the Superior Court for the Third Judicial District, State of Alaska.  Defendant has removed this action to the U.S. District Court on the basis of diversity of citizenship.

III.

Defendant Signature employed plaintiff Trzesniowski On September 27, 1993.

IV.

Signature has an employee handbook which provides the following as to unauthorized absences:

> Absence - An absence is the failure of an employee to be on the job at any time during his or her scheduled hours of work and scheduled overtime. This includes arriving after the scheduled starting time and leaving work early.
>
> The following absences are counted as absenteeism:
> - Sickness/Injury
> - Lateness/Tardiness
> - Personal Business
> - Scheduled Overtime
> - Leaving work before working half of your shift (unless on approved Leave Without Pay)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

The following reasons are not counted as absenteeism:

- Approved Family Medical Leave
- Approved Parental Leave
- Approved Personal Leave of Absence
- Scheduled Vacation Time, Personal Days or Holidays
- Pre-approved Leave Without Pay (LWOP)
- Jury Duty
- Military Duty
- Paid Funeral Days
- Disciplinary Suspension
- Work Related injury (day of injury only)

. . .

ABSENTEEISM PROCEDURES

1.  An employee must have an acceptable excuse for being absent.

2.  An employee must notify their supervisor of any expected absence at the earliest opportunity (at least 2 hours prior to start of their shift) in compliance with department call-in procedures.

3.  Absence of three or more days may require a medical off work order.

4.  An employee who does not observe the above procedure and/or whose absenteeism becomes excessive is subject to corrective action.

5.  Individual attendance records will be maintained by each department and copied to Human Resources/Payroll Department.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504

(907) 338-8111
(907) 338-8118 fax

TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT, Case No. A05-181 CIV (RRB)
AMENDED COMPLAINT
PAGE 3 of 11

6.  Per Signature's "Employee Information Guide" absence from work for three or more working days without a valid excuse, or absence from work for three or more working days without notifying the company, regardless of the reason for the absence, unless supported by proof of complete inability to notify the company, will be regarded as a Voluntary Quit.

7.  SICK CALLS, when an employee calls in sick, they must state when they expect to return to work.  An employee will only be allowed to return to work on his/her next regularly scheduled shift, after the day the employee has notified the manager, provided that the notice has been received no later than the end of the last regularly scheduled shift.

8.  NO CALL/NO SHOW is defined as 1) the failure of an employee to call in and report his/her intended absence within the first two hours of his/her scheduled start time or at start of shift if opening; and the failure of an employee to report to work.  Because of the serious disruption caused by a No Call/No Show, the employee will be subject to separate discipline as follows:

The employment contract provided the following for discipline:

- 1st No Call/No Show in a rolling 12 month period        Written warning
- 2nd No Call/No Show in a rolling 12 month period        Suspension
- 3rd No Call/No Show in a rolling 12 month period        Termination

TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT, Case No. A05-181 CIV (RRB)
AMENDED COMPLAINT
PAGE 4 of 11

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504

(907) 338-8111
(907) 338-8118 fax

V.

On April 12, 2000, plaintiff Trzesniowski suffered an on-the-job injury. This resulted in permanent injury to his back and he suffers from chronic bulging discs. As a result of that injury, he accepted a new position as Customer Service Representative on December 14, 2000.

VI.

Plaintiff Trzesniowski is a devout Christian who because of his faith, does not engage in some of the behaviors practiced by his co-workers. Co-workers left offensive internet jokes in public view. After plaintiff Trzesniowski began working in customer service, he asked that they not do so because he found them offensive. When his co-workers rejected this request, Trzesniowski objected to management. Nothing occurred to stop this practice.

VII.

Other employees who do not share Trzesniowski's Christian beliefs, have been treated differently than Trzesniowski.

VIII.

Starting in April 2003, Trzesniowski became quite ill. In May 2003, Trzesniowski began seeing Dr. Ingle at First Care

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Medical Center who diagnosed his condition as viral syndrome.  On June 29, 2003, Dr. Ingle's prognosis was that Trzesniowski would be able to return to work on July 14, 2003.

IX.

On or about July 10, 2003, Trzesniowski spoke with Kim Cleeves, Signature's Human Resource Manager.  Trzesniowski reported he would be able to return to work on July 14, 2003, according to Dr. Ingle's statement dated June 24, 2003.  Ms. Cleeves said Dr. Ingle's statement was not acceptable, Trzesniowski needed to provide a specific release to return to work signed by a doctor.

X.

As a result of this discussion with Ms. Cleeves, Trzesniowski understood he could not return to work without a specific release for work signed by his doctor.  Dr. Ingle was unavailable until several days later.

XI.

On July 14, 2003, Derek Hert, Signature Customer Service Supervisor issued a letter terminating Trzesniowski.

COUNT I

XII.

Plaintiff Trzesniowski repleads and realleges

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

paragraphs I through XI as though fully set forth herein.

### XIII.

Defendant Signature has breached its employment contract with plaintiff Trzesniowski.

### XIV.

As a direct and proximate cause of defendant's breach of contract, Trzesniowski has suffered damages in an amount to be proven at trial in excess of $75,000.00.

### COUNT II

### XV.

Plaintiff Trzesniowski repleads and realleges paragraphs I through XI as though fully set forth herein.

### XVI.

Implied in all contracts in Alaska are implied covenant of good faith and fair dealing.

### XVII.

Defendant has breached the implied covenant of good faith and fair dealing. As a direct and proximate cause of defendant's acts, plaintiff has been damaged in an amount to be proven at trial.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

COUNT III

XVIII.

Plaintiff Trzesniowski repleads and realleges paragraphs I through XI as though fully set forth herein.

XIX.

Defendant created a hostile work environment for plaintiff Trzesniowski to work in. As a direct and proximate result, plaintiff Trzesniowski has been damaged in an amount to be proven at trial.

COUNT IV

XX.

Plaintiff Trzesniowski repleads and realleges paragraphs I through XI as though fully set forth herein.

XXI.

Defendant has discriminated against plaintiff Trzesniowski on account of his religion in violation of A.S. 18.80.220(a)(2). As a result of which, plaintiff Trzesniowski is entitled to damages in an amount to be proven at trial.

XXII.

Defendant has discriminated against plaintiff Trzesniowski on the basis of his religion in violation of 42 U.S.C.e-2(a)(1) and (m). As a result of which, plaintiff

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Trzesniowski is entitled to damages in an amount to be proven at trial.

COUNT V

XXIII.

Plaintiff Trzesniowski repleads and realleges paragraphs I through XI as though fully set forth herein.

XXVI.

Defendant's actions violate the Federal Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.* As a result, plaintiff Richard Trzesniowski is entitled to damages in an amount to be proven at trial.

WHEREFORE, plaintiff requests this Court to grant him the following relief:

1.    For a permanent full-time position in Customer Service which reasonably accommodates plaintiff's disability in conformity with the medical limitations imposed by plaintiff's treating physician as a result of his April 12, 2000 on-the-job injury.

2.    For reinstatement of back wages, leave and other benefits that would have accrued had defendant not wrongfully terminated plaintiff Trzesniowski.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

3.   For damages which have resulted for defendant's discrimination against plaintiff.

4.  Compensatory damages to include, but not be limited to, compensation for emotional distress, humiliation, abnormal stress, pain and suffering and loss of enjoyment of life in an amount to be proven at trial.

5.  For plaintiff's attorney fees and costs in bringing this action.

6.   For such other and further relief as this Court deems just and equitable.

DATED at Anchorage, Alaska, this 22nd day of August, 2006.

HAL P. GAZAWAY, P.C.
Attorney for Plaintiff

By: _Hal P. Gazaway_
Hal P. Gazaway
Alaska Bar No. 7410077

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504

(907) 338-8111
(907) 338-8118 fax

TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT, Case No. A05-181 CIV (RRB)
AMENDED COMPLAINT
PAGE 10 of 11

**CERTIFICATE OF SERVICE**

I certify that the foregoing AMENDED COMPLAINT
was mailed / ~~faxed~~ / ~~hand delivered~~ to the following
attorney(s) of record addressed as follows:

David A. Devine
GROH EGGERS, LLC
3201 C Street Suite 400
Anchorage, AK 99503

DATED this 22nd day of August, 2006.

Brenda J. Faust
Legal Assistant to Hal P. Gazaway, P.C.

**HAL P. GAZAWAY, P.C.**
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504

(907) 338-8111
(907) 338-8118 fax

TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT, Case No. A05-181 CIV (RRB)
AMENDED COMPLAINT
PAGE 11 of 11