David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
3201 "C" Street - Suite 400
Anchorage, AK 99503
Phone: (907) 562-6474
Fax: (907) 562-6044
Email: DevineD@groheggers.com

Attorneys for Defendant Signature Flight Support Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD TRZESNIOWSKI,         )<br>                                               )<br>          Plaintiff,                        )<br>                                               )<br>     vs.                                     )<br>                                               )<br>SIGNATURE FLIGHT SUPPORT  )<br>CORPORATION                       )<br>                                               )<br>          Defendant.                    )<br>_____ ) | No. 3:05-cv-0181 (TMB)<br><br>**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: FMLA CLAIM** |

COMES NOW the Defendant, Signature Flight Support Corporation (hereinafter "Signature"), by and through counsel, and moves this Court for a partial summary judgment dismissing with prejudice Count V of Plaintiff's Amended Complaint, which alleges a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.* This cause of action should be dismissed as a matter of law because Signature did not employ fifty or more employees within a 75-mile radius of the worksite where Trzesniowski was employed. By its express statutory terms, the FMLA does not apply to worksites where an employer has fewer than fifty employees.

# I

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material facts. *Id.* at 323-325.

Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986). The non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. *Id.* The non-moving party makes this showing only by demonstrating that there is "significant, probative evidence tending to support his legal theory." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979) *quoting First National Bank v. Cities Service Co.*, 391 U.S. 253, 290 (1968).

## II

## FACTS

Trzesniowski worked for Signature Flight Support in Anchorage, Alaska. Signature operates out of two facilities in Anchorage: one on the south side of Ted

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Stevens International Airport and the other on the Lake Hood side of the airport. Currently, Signature employs a combined total of 26 employees at the two facilities. Signature does not employ anyone at any other worksite within a 75-mile radius of Anchorage.  In 2003 when Trzesniowski worked for Signature and when the claimed FMLA violation allegedly occurred, the company employed a combined total of 32 people at its two facilities in Anchorage.  In 2003, Signature did not employ anyone at any other worksite within a 75-mile radius of Anchorage.  See Affidavit of Lynn M. Shaw, Signature's Regional Human Resources Manager, submitted herewith.

## III

## ARGUMENT

Under the Family and Medical Leave Act, the term "eligible employee" does **not** include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. § 2611(2)(B)(ii).  In other words, to recover under the FMLA, a plaintiff must show that his or her employer employed at least 50 employees at, or within a 75-mile radius of, the plaintiff's worksite.  *Paleologos v. Rehab Consultants, Inc.*, 990 F.Supp. 1460 (D.Ga. 1998).  "Only those employees whose employer employs at least 50 employees within 75 miles of that employee's 'worksite' are eligible for leave under the Act."  *Harbert v. Healthcare Services Group, Inc.*, 391 F.3d 1140, 1144 (10th Cir. 2004).

As shown above, Signature has not employed, and does not employ, fifty or more

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

people within a 75-mile radius of Trzesniowski's worksite in Anchorage. Therefore, as a matter of law, Plaintiff's claim under the FMLA must fail. Because Trzesniowski cannot establish an essential and statutorily-required element of his claim, Signature prays for a partial summary judgment dismissing with prejudice Count V of Plaintiff's Amended Complaint.

Dated at Anchorage, Alaska this 30th day of October, 2006.

>GROH EGGERS, LLC
>
>Attorneys for Defendant Signature
>
>By: s/ David A. Devine
>David A. Devine (AK Bar No. 7906015)
>GROH EGGERS, LLC
>3201 C Street, Suite 400
>Anchorage, AK 99503
>Phone: (907) 562-6474
>Fax: (907) 562-6044
>E-Mail: devined@groheggers.com

I HEREBY CERTIFY that on October 30, 2006,
a copy of the foregoing was served by **first class mail** on:

Hal P. Gazaway, Esq.
8620 Boundary Avenue
Anchorage, AK   99504

Attorney for Plaintiff

s/ David A. Devine

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Motion for Partial Summary Judgment re: FMLA          *Trzesniowski v. Signature Flight Support*
Page 4 of 4                                                               Case No. 3:05-cv-0181 (TMB)