Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, Alaska 99504
(907) 338-8111
(907) 338-8118 facsimile

Attorney for Plaintiff
Richard Trzesniowski



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD TRZESNIOWSKI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SIGNATURE FLIGHT SUPPORT )<br>CORPORATION )<br>)<br>Defendant. )<br>_____) | No. A05-181 CV (TMB) |

**OPPOSITION TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: RELIGIOUS
DISCRIMINATION AND HOSTILE WORK ENVIRONMENT**

COMES NOW plaintiff Richard Trzesniowki, by and through his counsel of record, Hal P. Gazaway, P.C. and opposes Signature Flight Support's Motion for Partial Summary Judgment Re: Religious Discrimination and Hostile Work Environment. Defendant's motion apparently only addresses Count IV of plaintiff's Amended Complaint.

Defendant's motion does not address plaintiff's Counts I (Breach of Contract); Count II (Breach of Implied Covenant of

Good Faith and Fair Dealing); or Count V (Family Medical Leave Act).

Defendant's motion seeks to dismiss Trzesniowski's claim under the state and federal anti-discrimination statutes and his claim of hostile work environment. Trzesniowki acknowledges he failed to seek assistance from the EEOC which would be a jurisdictional condition precedent to seeking Court relief.

## SUMMARY JUDGMENT

A party seeking summary judgment under Federal Rule of Civil Procedure 56 has the burden of showing no genuine dispute as to a material fact. All reasonable inferences supported by the evidence will be drawn in favor of the non-moving party. *Bodett v. Coxcom*, Inc., 366 F.3d 736, 742 (9th Cir. 2004) The substantive law will identify the material facts. Disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. Summary judgment will not lie if affidavits and depositions create genuine issue of material fact. *John's Heating Service v. Lamb,* 46 P.3d 1024, 1032-33 (Alaska 2002). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Under Alaska law, the evidentiary standard to preclude entry of summary judgment is low. *Cikan v.*

*ARCO Alaska,* 123 P.3d 335, 339 (Alaska 2005).

## DISPUTES AS TO MATERIAL FACT EXIST

### SIGNATURE'S FACTUAL STATEMENT

Signature states in its factual statement, it disputes Richard Trzesniowki's deposition testimony as to the last date Mr. Trzesniowki worked. Mr. Trzesniowski testified his last day of work was April 24, 2003. (Trzesniowski Deposition at p. 158) To contest this position, Signature submits an unsworn document dated July 15, 2003, three months after Tresniowski's last day at work. As such, the document is inadmissible hearsay. It fails to meet the standards for a business record exception to the hearsay rule. The person prepared it the day after her subordinate terminated Richard Trzesniowki. She prepared the document three months after the date being recorded. A material issue of fact exists as to the last day Mr. Trzesniowki worked at Signature.

Signature's statement of facts makes certain assumptions which it then asserts throughout as factual certainty. At page 5 of Signature's memorandum, Signature refers to the teasing of Mr. Trzesniowki by coworkers because of his faith based decision to remain celibate until marriage. Signature assumes that because Mr. Trzesniowki married in 1996, the teasing occurred between 1993 and 1996. Accompanying this memorandum is an Affidavit of Richard Trzesniowki. At paragraph

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

3, Mr. Trzesniowki states his wife did not like Alaska and left in October 1997. He again chose to remain celibate. The teasing continued throughout the rest of his employment at Signature.

Signature glosses over a change in Richard Trzesniowki's terms and conditions of employment. In December 2002, Signature transferred Mr. Trzesniowki from customer Service at the South Ramp to the Executive Terminal. (See Affidavit of Richard Trzesniowki, Paragraphs 9 and 13) Duane Sperbeck and Camille Gates told him having a book at work called *Dialogues with God* was inappropriate reading material during the summer of 2002. Also, during the summer of 2002, Mr. Trzesniowki had been working 13-day stretches for five months. This had not allowed him time to attend any church services for four months. When Mr. Trzesniowski asked General Manager, Kirsten Kirschbaum, for time off on Sunday mornings, she refused. (See Affidavit of Richard Trzesniowski, ¶12)

Accompanying this opposition the Court will find the Affidavit of Grant Thompson. Mr. Thompson demonstrates some knowledge of the book Mr. Trzesniowski could not bring to work, "a religious book with God in the title." (Grant Thompson Affidavit, ¶11) Mr. Thompson testifies to a number of co-workers with non-work related reading material. Kevin Dutton brought his pilot ground school books. Employees Jeff, Andy, and Curt brought their school homework. Grant Thompson and others brought

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

magazines on hunting and fishing. Management said nothing to any of them. (Grant Thompson Affidavit, ¶14 and 15) Apparently, none of these individuals brought Christian reading material. Previously Richard Trzesniowski had objected to a prolific use of pornography at work. Local supervisors and managers did nothing to stop it. It finally ended in 2001 when he made an anonymous call tot he Company Headquarters in Orlando, Florida. (Richard Trzesniowski Deposition, p. 116-118).

Mr. Thompson also attests to how management refused to let Mr. Trzesniowski have Sundays off to attend church. (Grant Thompson Affidavit ¶18) Management did let Brett Smith attend his Mormon[1] church services on Sundays. (Grant Thompson Affidavit ¶19). A new hire, Jolene Carter also received Sundays off. (Grant Thompson Affidavit ¶20). Mr. Thompson's affidavit

---

[1] Mormons are generally not regarded as Christians. See Walter Martin and Ravi Zacharias, *The Kingdom of the Cults*. Christians believe they have sinners and that sin separates them from a relationship with God. They believe Jesus Christ was the son of God and he died on a cross to pay the price of their sins. They believe that by repenting of their sins and placing their faith in God, they receive forgiveness of their sins, reconciliation with God and eternal life. Mormon is a generic name for several groups all of whom are followers of Joseph Smith who write *The book of Mormon, Doctrine and Covenants of the Mormon Church,* and *Pearl of Grant Price*. Mormons believe they lived in a "pre-existence." In that pre-existence God conceived them with "Heavenly Mother". Jesus and Satan are their older brothers. Mormons believe in eternal marriages and that in an afterlife they will become gods with their own worlds and have multiple wives. The main stream Christian denominations do not regard various Mormon churches as Christian.

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 5 of 18

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

establishes Signature's Manager treated non-Christians differently than Christians[2] as far as the books they could bring to work and whether they could have time off on Sundays.

When Signature transferred Richard Trzesniowki to the Executive Terminal, they placed him in a job for which he received no training. His job required him to work on a computer, for which he had no training. They asked him to work with much younger coworkers. Signature's management ignored his requests for training and instructions throughout the remainder of his employment. (See Affidavit of Richard Trzesniowki, Paragraphs 15-20).

### ARGUMENT

A. **FEDERAL CLAIM OF DISCRIMINATION**

Mr. Trzesniowki acknowledges he did not talk with the Equal Employment Opportunity Commission. Therefore, Mr. Trzesniowki failed to satisfy a condition precedent to jurisdiction under the Federal Statute, 42 U.S.C. 2000e-5.

B. **STATE CLAIM OF DISCRIMINATION**

1. **Statute of Limitations Began to Run on Date of Termination.**

In Count IV of Richard Trzesniowski's Amended

---

[2] Whether Mormons could be considered Christian would be a material issue of fact if raised by Signature.

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION.
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 6 of 18

Complaint, he seeks recovery under the Civil Rights Act of the State of Alaska.

A.S. 18.80.220(a)(1) provides in relevant part:

> **Sec. 18.80.220. Unlawful employment practices; exception.** (a) Except as provided in (c) of this section, it is unlawful for
>
> (1) an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's ... religion, ... or because of the person's age, physical or mental disability, ... when the reasonable demands of the position do not require distinction on the basis of age, physical or mental disability, sex, marital status, changes in marital status, pregnancy, or parenthood.

In interpreting Alaska's anti-discrimination laws, the Alaska Supreme Court looks first to Federal Title VII cases for guidance. *French v. Jadon, Inc.*, 911 P.2d 20, 28, fn. 8 (Alaska 1996). The Alaska Supreme Court has held A.S. 18.80.220 is intended to be more broadly interpreted than federal law to further the goal of eradication of discrimination. *VECO v. Rosebrock,* 970 P.2d 906, 912 (Alaska 1999) Dismissal of a Title VII claim does not preclude A.S. 18.80 claims. *DeNardo v. Calista Corp.*, 111 P.3d 326, 334 (Alaska 2005).

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating on the basis of religion. It defines the term "religion" to include "all aspects of religious

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

observance and practice, as well as belief," and imposes a duty of reasonable accommodation on employers. *Opuku-Boating v. State of California,* 95 F.3d 1461, 1467 (9th Cir. 1996).

The Ninth Circuit assesses Title VII religious discrimination claims using a two-part analysis. First, the employee must establish a prima facie case of religious discrimination. Second, if the employee does so, the burden shifts to the employer to show it negotiated with the employee to accommodate the employee's religious beliefs. *Opuku-Boating v. State of California,* 95 F.3d 1461, 1467 (9th Cir. 1996).

To assess whether an employee has established a prima facie case of religious discrimination, Alaska has adopted the approach employed by the Ninth Circuit in Title VII cases as articulated by the Ninth Circuit. This requires the plaintiff to demonstrate that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he suffered an adverse consequence. *Miller v. Safeway, Inc.,* 102 P.3d 282, 292 (Alaska 2004).

Signature's motion for summary judgment addresses only the issue whether the statute of limitations bars Richard Trzesniowski's claim.

Under Alaska law, A.S. 09.10.020 establishes a two-year

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

tort statute of limitations. This two year statute of limitations began to run on the date the plaintiff incured injury. *Russell v. Municipality of Anchorage,* 743 P.2d 372, 375 (Alaska 1987). The general rule also recognized by federal courts is that tort causes of action accrue at the time the claimant is injured. *Zeleznik v. United States*, 770 F.2d 20, 22 (3rd Cir. 1985). The statute of limitations does not begin to run until the claimant suffers damage or the adverse consequence. In the instant action, Richard Trzesniowski suffered adverse consequences in three forms. First, when Signature denied him the ability to engage in a protected activity on two separate occasions during 2002. Second, almost immediately after Signature transferred him to another work station for which it failed to provide him with adequate training and instruction to perform his duties and then failed to provide him adequate support to perform his duties. Finally, Signature terminated Richard Trzesniowski in violation of the Family Medical Leave Act and its contract which provides for progressive discipline.

Discriminatory motive and causation can be proven by inference from a close proximity in time between the protected activity and the allegedly retaliatory discharge. *VECO, Inc. v. Rosebrook,* 970 P.2d 907, 921 and *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731 (4th Cir. 1986)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

The statute of limitations began to run when Signature terminated Richard Trzesniowski on July 13, 2003.

2. **The Continuing Violations Doctrine Precludes the Statute of Limitations from Barring Plaintiff's Claim.**

Construing the evidence favorably to Richard Trzesniowski would preclude dismissing his cause of action under the continuing violations doctrine. The continuing violations doctrine allows plaintiffs to establish an on-going tort through incidents that occurred before the statute of limitations period and continued into the limitations period. The continuing violations theory allows a plaintiff to establish the elements of a trot by relying on incidents that predate the statutory limitations period to prove the trot when part of the continuing violation continued into the limitations period. *Reich v. Cominco Alaska, Inc.*, 56 P.3d 18, 26 (Alaska 2002). See also, *Sengutra v. UAA*, 21 P.3d 1240, 1249 (Alaska 2001) and the dissent in *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 663-67 (Alaska 2006)

Under Alaskan law, whether an otherwise hostile environment claims or discrimination claims can be reviewed by termination under a continuing violations theory, appears to be a close question in the state of flux. The most recent discussion occurred in *Mahan v. Arctic Catering, Inc.*, 133 P.3d

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

655 (Alaska 2006). The dissent written by Justice Fabe opined and otherwise untimely hostile work environment claim can be revived by termination under continuing violations. (At p. 663)

Signature argues *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101, 114-15, 153 L.Ed.2d 106, 122 S.Ct. 2061 (2002) protects it from all of its discriminatory acts that occurred more than 300 days before filing of a charge. (Defendant's Motion for Partial Summary Judgment at p. 10). *National Railroad* applies to federal claims brought under Title VII, not claims under the State of Alaska's Civil Rights Act. As such, it would ordinarily. Since Richard Trzesniowski acknowledged he did not seek EEOC counselling, *National Railroad* would not apply. However, it will be addressed to preclude defendant from arguing *National Railroad* precludes plaintiff's reliance on the continuing violations doctrine.

*National Railroad* did hold discrete discriminatory acts would not be actionable under Title VII if the statute of limitations for these acts has expired even if they are related to other acts the subject of a timely claim. To the extent Richard Trzesniowski has produced evidence of a series of incidents that taken together, create a hostile work environment, the assertion that the discrete act of his termination revived the original claim does not appear inconsistent with *National*

*Railroad.* See *Mahan v. Arctic Catering, Inc.,* 133 P.2d 655 dissent at 667, fn. 25 (Alaska 2006) and *Yanowitz v. L'Oreal USA, Inc.,* 116 P.3d 1123, 1141-42 (Cal. 4th, 2005).

### C. HOSTILE WORK ENVIRONMENT

Count III of Richard Trzesniowski's Amended Complaint alleges Signature flight Support created a hostile work environment for Mr. Trzesniowski. The thrust of Signature's argument is to oversimplify and deminimize the events Richard Trzesniowski alluded to when he felt he received different treatment due to his faith. Not only did management treat Mr. Trzesniowski differently, they allowed co-workers to tease him, and treat him in a condescending fashion. The evidence also will show several instances where issues of Richard Trzesniowski's faith arose at work, management treated Mr. Trzesniowski differently than it did employees who did not have a Christian reference on the issues.

Signature quotes language from *Brooks v. City of San Mateo,* 229 F.3d 917 (9th Cir. 2000) and *VECO, Inc. v. Rosebrock,* 920 P.2d 906, 915-16 (Alaska 1999) as stating the criteria for hostile work environment claims under the federal and Alaska law. The issue would be whether the discriminatory behavior is so severe or pervasive to alter the conditions of the victim's employment.

Signature's argument presents an extremely narrow statement of the facts supporting Mr. Trzesniowski's claim. Contrary to Signature's argument, Richard Trzesniowski does not rely upon a few isolated remarks drawn over a period fo ten years.

Signature tries to portray the discrimination by co-workers as teasing about being celibate and by a co-worker, Frank Dunham. Signature does not cite any evidence but assumes the teasing about being celibate occurred between 1993 and 1996. (Signature's Motion for Partial Summary Judgment at p. 5)

Richard Trzesniowski's celibacy did not end with his marriage in 1996. Mr. Trzesniowski's wife did not like Alaska and left in October 1997. After she left, he again chose to remain celibate and the teasing continued for the remainder of his employment at Signature. (Richard Trzesniowski Affidavit, ¶3).

During his deposition, Mr. Trzesniowski also described a work atmosphere permeated with pinups of pictures of naked and partially clad women, obscene jokes sent by company e-mail. (Tr. 116-118) In 2000, Mr. Trzesniowski called the company offices in Orlando and complained. (Richard Trzesniowski Affidavit ¶4). However, the practice of sending dirty jokes over the company e-mail and leaving them on the counter continued. (Richard Trzesniowski Affidavit ¶5). Richard Trzesniowski

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 13 of 18

continued to be subjected to these dirty jokes the entire time he worked in Customer Service or what Mr. Trzesniowski refers to as the south ramp. (Richard Trzesniowski Affidavit ¶4).

The pattern of discriminatory treatment occurred at several other levels. When Mr. Trzesniowski returned to work in 2000 from his second injury covered by worker's compensation, his new duty station became working behind the desk in Customer Service. When Mr. Trzesniowski began working in Customer Service he received a cut in pay. (Affidavit of Grant Thompson, ¶5) Other employees who had on the job injuries or health conditions which required them to do light duty work on the customer service desk did not have a pay cut. See Affidavit of Grant Thompson, ¶5-10.

During the summer of 2002, Richard Trzesniowski had a book at his desk called *Dialogues with God* by Mark Vickler. Supervisor Duane Sperbeck and Human Resource Specialist Camille Gates told Mr. Trzesniowski the book was inappropriate reading material for work and he had to take it home. Signature did nothing to stop the dirty jokes being left on the counter. Other employees were allowed to bring books for the pilot ground school, college courses, hunting and fishing magazines. (See Affidavit of Richard Trzesniowski ¶10 and Affidavit of Grant Thompson ¶11-16).

During the summer and fall of 2002, Mr. Trzesniowski

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 14 of 18

had worked a schedule that did not allow him to have Sunday mornings off. He had not been able to attend any church services for a period of four months. Mr. Trzesniowski asked General Manger, Kirsten Kirschbaum to have Sunday mornings off to attend church services. Ms. Kirschbaum refused. (Affidavit of Richard Trzesniowski ¶12). Signature allowed other employees to have time off from work on Sundays. (Affidavit of Grant Thompson ¶18 and 19).

Mr. Trzesniowski's last job assignment at Signature occurred in December 2002. That month, the Human Resource Manager, Camille Gates told Mr. Trzesniowski the General Manager wanted to see him. She took him in the van to the executive terminal. Mr. Trzesniowski had been reassigned to the executive terminal to work on computers. Mr. Trzesniowski had worked in the field his entire life. He was totally computer illiterate. Signature failed to provide him any training or instruction that would allow him to do his job. His request for training on the use of the computers was denied by General Manager Christen Kirschbaum.

Finally, Richard Trzesniowski had a severe viral infection in May 2003. His treating physician, Dr. Ingle, recommended he not return to work. (Exhibit 1) After he recovered, Richard Trzesniowski attempted to return to work on July 13, 2005. He called Camille Gates on July 13, 2003. She

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

told him he could not return without a current doctor's letter. (Richard Trzesniowski Affidavit ¶21) Signature fired him. (Exhibit 2) Other employees have failed to show up for work on the day scheduled and not been fired. (Grant Thompson Affidavit ¶22)

Mr. Trzesniowski's treating physician had released him to return to work on July 14, 2003. However, Dr. Ingle did so apparently on June 29, 2003. (Exhibit 3) Since Mr. Trzesniowski did not have a more current work release, Camille Gates told him he could not return to work on July 14, 2003. Mr. Trzesniowski could not get in to see Dr. Ingle until July 20, 2003. At this time, Dr. Ingle provided Mr. Trzesniowski with a release to return to work effective July 14, 2003. (Exhibit 4) Kim Cleeves acknowledged she required a more current doctor's note before Mr. Trzesniowski could return to work. (Exhibits 5 and 6, Request for Admission No. 11)

On July 14, 2003, Derek Hunt, Customer Service Supervisor issued a letter of termination for Mr. Trzesniowski's employment effective at 10:00 a.m. on July 14, 2003. (Exhibit 2)

In response to discovery requests in this action, Signature has admitted:

1. On May 5, 2003, Lynn Shaw instructed Kim Cleeves, Richard Trzesniowski would not be allowed to return to work without a statement from a doctor. (Exhibit 6, Request for

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Admission No. 1).

  2. On May 14, 2003, Kim Cleeves asked to terminate Richard Trzesniowski as a "no call, no show". (Exhibit 6, Request for Admission No. 2)

  3. On May 15, 2003, Kim Cleeves asked to terminate Richard Trzesniowski as a "no call, no show". (Exhibit 6, Request for Admission No. 4).

  Evaluating whether this evidence would constitute a material issue of fact is a factual inquiry. The evidence support Mr. Trzesniowski's hostile work environment claim due to his religion, when considered in the light most favorable to Richard Trzesniowski, creates a genuine issue of material fact.

  Summary judgment should be denied.

  DATED this 4th day of December, 2006.

       HAL P. GAZAWAY, P.C.
       Attorney for Plaintiff

       Hal P. Gazaway
       Alaska Bar No. 7410077

CERTIFICATE OF SERVICE
I certify that the foregoing OPPOSITION TO MOTION FOR SUMMARY JUDGMENT was mailed /~~faxed~~/ ~~hand delivered~~ to the following attorney of record addressed as follows:

David A. Devine
GROH EGGERS, LLC

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 17 of 18

2600 Cordova Street Suite 110
Anchorage, AK 99503

DATED this _____ day of December, 2006.

_____
Brenda J. Faust
Legal Assistant to Hal P. Gazaway, P.C.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

RICHARD TRZESNIOWSKI v SIGNATURE FLIGHT SUPPORT CORPORATION
No. A 05-181 CV (TMB)
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 18 of 18