David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
2600 Cordova Street - Suite 110
Anchorage, AK  99503
Phone:  (907) 562-6474
Fax:     (907) 562-6044
Email: DevineD@groheggers.com

Attorneys for Defendant Signature Flight Support Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD TRZESNIOWSKI,              )<br>                                                           )<br>         Plaintiff,                                )<br>                                                           )<br>    vs.                                                )<br>                                                           )<br>SIGNATURE FLIGHT SUPPORT  )<br>CORPORATION                             )<br>                                                           )<br>         Defendant.                           )<br>_____) | No.  3:05-cv-0181 (TMB)<br><br>**SIGNATURE'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: RELIGIOUS DISCRIMINATION** |

Signature's motion for partial summary judgment to dismiss with prejudice Trzesniowski's claims for religious discrimination and hostile work environment should be granted.  Trzesniowski admitted in his Opposition that his federal discrimination claims were time barred.  Trzesniowski has not come forward with even a hint of admissible evidence that an act of religious discrimination or religious hostility occurred within the two-year statute of limitations for his state law claims, and his own affidavit only identifies isolated instances of alleged misconduct occurring well before the statute of limitations look-back date.  Trzesniowski's attempted use of the continuing violations evidentiary doctrine to resurrect stale damages claims is seriously flawed and

unsupported in law. Finally, Trzesniowski's identification of a few isolated and very minor disagreements with some of his co-workers do not support claims of religious discrimination or an anti-Christian hostile work environment.

### Discrimination Claims Under Federal Law Must Be Dismissed

In his Opposition brief, plaintiff admitted that he did not timely file a discrimination complaint with EEOC, and that therefore this Court does not have jurisdiction over his claims for violation of federal discrimination laws: "Trzesniowski acknowledges he failed to seek assistance from the EEOC which would be a jurisdictional condition precedent to seeking Court relief." Opposition at 2, Docket 39. "Mr. Trzesniowski acknowledges he did not talk with the Equal Employment Opportunity Commission. Therefore, Mr. Trzesniowski failed to satisfy a condition precedent to jurisdiction under the Federal Statute, 42 U.S.C. 2000e-5." Opposition at 6, Docket 39.

Based upon these acknowledgments, as well as the law cited in Signature's motion for partial summary judgment at Docket 26, Plaintiff's claims for discrimination and hostile work environment based upon federal law must be dismissed with prejudice. A partial summary judgment to that effect should be entered immediately.

### Plaintiff's State Causes of Action Are Also Time Barred

Plaintiff has not come forward with any admissible evidence of religious discrimination or an anti-Christian motivated hostile work environment within the two

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

year Alaska statute of limitations; *i.e.* acts occurring on or after July 11, 2003.[1] In fact, Trzesniowski's own affidavit annexed to his Opposition at Docket 39 confirms that no incidents occurred after 2002. Specifically, Trzesniowski's affidavit shows:

1. Trzesniowski complained about pornography in the work place, but that "[t]he pinups of naked and scantily clad women stopped in 2000 when I called the company in Orlando." Affidavit at ¶ 4.

2. In December 2000, Trzesniowski returned to work after an on-the-job injury, which resulted in work restrictions from his doctor, and was transferred to an inside job in customer service with reduced pay. Affidavit at ¶¶ 6 and 7. Trzesniowski claimed that other employees who received reassignments did not have their pay reduced, although Trzesniowski did not present any admissible evidence for this contention – *i.e.* something other than hearsay or rank speculation. Affidavit at ¶ 8.

3. Trzesniowski was exposed to dirty jokes in company email and heard dirty jokes being told up until December 2002. Affidavit at ¶¶ 5 and 9.

4. In the summer of 2002, Trzesniowski was told his book *Dialogues with God* was inappropriate reading material for the office. At the same time, other employees were allowed to bring other reading material to the worksite. Affidavit at ¶ 10.

5. During the summer of 2002, Trzesniowski asked to have Sunday mornings off work and was told no. Affidavit at ¶ 12.

6. In December 2002, Trzesniowski was transferred to Signature's Executive Terminal where he worked with younger employees who had better computer skills than

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

---

[1] Plaintiff's Complaint was initially filed in Alaska Superior Court on July 11, 2005. Docket 01.

he had, but who did not slow down and train him appropriately.  Affidavit at ¶¶ 13 – 20. There was no claim in the affidavit that the alleged religiously motivated hostile work environment Trzesniowski says he experienced at Signature's East Terminal was repeated or duplicated at the Executive Terminal, and in fact, Trzesniowski's only complaint seems to be that his co-workers ignored him or looked down on him for his lack of computer skills.  Affidavit at ¶ 19.

All these alleged incidents occurred before the end of 2002.  Only two incidents can even be said to involve religion: the book incident and the request for Sunday mornings off, both in the summer of 2002.  Trzesniowski does not specify and provide admissible evidence of a single incident of religious discrimination or an anti-Christian hostile act that allegedly took place after 2002.

Finally, plaintiff does not dispute the fact that the last day Trzesniowski actually reported for work was in April 2003.  Indeed, plaintiff admitted in his Opposition that "Mr. Trzesniowski testified his last day of work was April 24, 2003."  Opposition at 3, Docket 39.  **In other words, Trzesniowski's last day at work, in whatever work environment may have existed, was *before* the statute of limitations look-back date of July 11, 2003.**  Plaintiff's claims of religious discrimination and hostile work environment are therefore time barred and must be dismissed.

### Plaintiff's Reliance On A "Continuing Violation" Theory Is Misplaced

Plaintiff's argument that stale discrimination and hostile work environment claims can be revived under a continuing violation theory because Trzesniowski was terminated

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

for job abandonment on July 14, 2003 (after not showing up for work for three months) is not supported by the law. Trzesniowski has not come forward with even a whiff of admissible evidence that his termination was religiously motivated rather than the result of his three-month absence from work.[2] Moreover, both Alaska and federal law preclude Trzesniowski from claiming or recovering damages for any alleged discrimination or hostile act that occurred before July 11, 2003.

In *Alakayak v. British Columbia Packers, Ltd.*, 48 P.2d 432 (Alaska 2002), the plaintiffs brought an anti-trust suit in June 1995 alleging price fixing conduct on the part of the defendants from 1989 through 1995. The plaintiffs argued that since they alleged a continuing violation, the statute of limitations on their claims did not begin to run until "the last act in furtherance of the conspiracy is completed." *Id.* at 461. The Alaska Supreme Court disagreed. The Court first noted: "One of the primary purposes of a statute of limitations is to prevent past dubious deeds from hanging like a sword of Damocles over the heads of potential defendants. A corollary of this principle is that a statute of limitations encourages potential plaintiffs to file their suits in a timely fashion." *Id.* at 461. The Court then limited the plaintiffs' potential recovery of damages to the

---

[2] The Signature person Trzesniowski dealt with regarding his failure to return to work and his termination for job abandonment was Kim Cleeves, and she never said anything to Trzesniowski about religion:
    Q. All right. How about Kim Cleeves, was she anti-religious towards you?
    A. I don't know.
    Q. Did she make any comments to you that you thought she was belittling your religion?
    A. No. I don't remember. I don't think so.
Trzesniowski Depo. at 66, Ex. C to Docket 26.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

four years prior to the filing of the Complaint,[3] noting that a "'continuing violation' means that there are a series of related acts causing damage to a plaintiff and that each successive act marks the accrual of a new claim; it does not mean that the damages suffered before the earliest allowable accrual date under the applicable statute of limitations may be recovered." *Id*. at 461.  The Court specifically rejected the notion that a statute of limitations would not begin to run on any claims arising out of a conspiracy until the last act in furtherance of the conspiracy was completed.  Instead, the Court relied on *Zenith Radio Corp. v. Hazeltine Research*,[4] and concluded:

> "The effect, then, of a continuing violation, is to provide a new, and perhaps perpetually rolling, date from which the statute of limitations may begin.  **It does not, however, suspend or toll the running of the statute of limitations on those previous events.  Consequently, the statute of limitations functions as an outer limit of the damages that can be recovered, since any damages suffered prior to that period are barred by the statute of limitations.**"

*Id.* at 462-463.  (emphasis added).

The Alaska Supreme Court reached a similar conclusion in *Oaksmith v. Brusich*, 774 P.2d 191, 200 fn. 10 (Alaska 1989), where it noted that regardless of whether acts are deemed continuing or separate, acts that occurred outside the statute of limitations cannot form the basis for an award of damages.  Instead, "each harmful act constitutes a new cause of action for statute of limitations purposes… [and] … damages cannot be recovered for the initial time-barred acts." *Id.*

---

[3] The statute of limitations for an anti-trust case based upon Alaska statutes was four (4) years.

[4] 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct. 2061, 2071 (2002), the Supreme Court held plainly that a hostile or discriminatory act occurs on the day that it "happen[s]" and that a plaintiff must file within the allotted time from that day "or lose the ability to recover for it." Although plaintiff completely ignores the reasoning of the case and dismisses it as applying only to federal claims,[5] Alaska law is the same. The statute of limitations starts to run for a discrimination or harassment claim "the date that the alleged incident occurs" which means that such a claim is "limited to acts occurring within the two years preceding [the] filing [of the complaint.]" *Mahan v. Arctic Catering,* 133 P.2d 655, 658 (Alaska 2006).

The Ninth Circuit adopted a similar rule in *Trustees for Alaska Laborers-Construction Industry Health & Security Fund v. Ferrell*, 812 F.2d 512 (9th Cir. 1987), which involved a lawsuit to hold a successor employer liable for unpaid contributions to a pension fund pursuant to a compliance agreement. The compliance agreement required Ferrell to make pension contributions on a monthly basis, which meant it required continuing performance by Ferrell. The Court held that this required Trustees to "sue for partial breaches as they occur …" and that the statute of limitations period would run "against each monthly right of action separately." *Id.* at 517. Put differently, "each time Ferrell failed to make payments under the plan, a new breach occurred with a separate limitations period." *Id.* at 518.

In *Mahan v. Arctic Catering, supra.*, (Alaska 2006), as in the case at bar, there was "no substantial evidence of any incident of [harassment or hostility] occurring within the

---

[5] Opposition at 11, Docket 39.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

two-year period before" the plaintiff filed suit. The result was the entry of a summary judgment dismissing plaintiff's claims. *Id.*, 133 P.2d at 659. In affirming the summary judgment, the Alaska Supreme Court rejected the plaintiff's attempted use of the continuing violations doctrine, noting that to utilize it, "a plaintiff must first demonstrate that some discriminatory act occurred within the limitations period" and "must then show that the timely filed claim – based upon this act within the limitations period – is closely related to the otherwise time-barred claims." *Id.* at 659-660. Since Mahan could not identify an incident of harassment that occurred within the limitations period, she could not meet the first requirement of the doctrine, let alone show that an act occurring within the limitations period was closely related to the older claims. Trzesniowski has the same problem in this case – he has not produced any admissible evidence of any act of religious discrimination or anti-Christian hostility that occurred after July 11, 2003, let alone shown that such an act was closely related to earlier time-barred claims.

Moreover, even if the continuing violation doctrine were applicable to this case, which it is not, Trzesniowski fundamentally misunderstands what the doctrine does. It is an ***evidentiary*** doctrine, not a resurrection of stale damage claims. If a plaintiff satisfies the two-prong test for application of the doctrine, then "the plaintiff can use **evidence** of earlier events to prove the defendant's liability for the [closely related] acts within the statutory period." *Id.* at 660. (emphasis added). However, "[t]he continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

discrimination claim to lapse." *Sengupta v. University of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001), *cert. denied* 534 U.S. 1135 (2002).

## **Plaintiff Did Not Make Out A Prima Facie Case**

A plaintiff alleging discrimination or a discriminatory hostile work environment cannot avoid summary judgment "based on nothing more than the claimant's 'unsupported assumptions and speculation.'" *Mahan*, 133 P.3d at 661. A claimant's "subjective opinion that [he] had been treated unfairly" without "solid evidence to show that [he] actually received unusually" unfair and discriminatory treatment in a term or condition of employment is not enough to defeat a motion for summary judgment. *Id.* In fact, summary judgment is warranted and proper where a plaintiff "described no concrete examples of conduct" by his employer "to substantiate [his] perception that [he] received" unfair treatment or that other employees got better treatment" based upon some discriminatory factor. *Id.*

In this case, Trzesniowski has not produced any admissible evidence that his termination for job abandonment after not reporting to work for three months was caused by anything other than his protracted absence and his repeated failures to advise Signature of his status. Trzesniowski's rank speculation and subjective belief that he was treated unfairly because he was a Christian does not amount to a prima facie case. Trzesniowski's own affidavit does not contain a single fact that would show that his legitimate religious beliefs prevented him from performing one or more of his assigned job duties, and that he was terminated because he would not perform such a duty.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Accordingly, Trzesniowski has not, and cannot, establish a prima facie case for religious discrimination in employment. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 830 (9th Cir. 1999); *Tiano v. Dillard Department Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998); *Opuku-Boateng v. State of California*, 95 F.3d 1461, 1467 fn 9 (9th Cir. 1996).

As to his hostile work environment claim, Trzesniowski has produced no admissible evidence of a workplace so permeated with severe and pervasive anti-Christian intimidation as to alter the conditions of his employment and create a hostile and abusive working environment. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146-147, 124 S.Ct. 2342, 2354, 159 L.Ed.2d 204 (2004); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000); *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 915-16 (Alaska 1999). Instead, Trzesniowski is trying to manufacture a hostile work environment claim around a couple isolated events of teasing from one or two co-workers, one time when he was told a book he left on the counter in a public reception area was inappropriate for the workplace, and his own subjective belief that he was not always treated with the respect he deserved. However, hostile work environment claims are not a "general civility code" for the workplace,[6] and therefore "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citations and quotations omitted).

The simple teasing and minor isolated events that Trzesniowski identified in his

---

[6] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998).

Reply Brief re Religious Discrimination Claim   *Trzesniowski v. Signature Flight Support*
Page 10 of 12                                    Case No. 3:05-cv-0181 (TMB)

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

affidavit would not amount to a prima facie case of an anti-Christian hostile work environment even if those isolated events had occurred within the statute of limitations, which they did not. Accordingly, Plaintiff's claims for religious discrimination and a religiously-motivated hostile work environment should be dismissed on summary judgment for failure to make a prima facie case.

## Conclusion

Plaintiff's claims for religious discrimination and religiously-motivated hostile work environment should be dismissed with prejudice since (1) the claims are stale, untimely and outside the statute of limitations and/or (2) Trzesniowski has failed to make out a prima facie case of religious discrimination in employment or a "severe and pervasive" anti-Christian hostile work environment based upon the few isolated and very minor incidents he described in his affidavit.

Dated at Anchorage, Alaska this 13th day of December, 2006.

>GROH EGGERS, LLC
>
>Attorneys for Defendant Signature
>
>By: s/ David A. Devine
>    David A. Devine (AK Bar No. 7906015)
>    GROH EGGERS, LLC
>    2600 Cordova Street, Suite 110
>    Anchorage, AK 99503
>    Phone: (907) 562-6474
>    Fax: (907) 562-6044
>    E-Mail: devined@groheggers.com

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Reply Brief re Religious Discrimination Claim          *Trzesniowski v. Signature Flight Support*
Page 11 of 12                                          Case No. 3:05-cv-0181 (TMB)

I HEREBY CERTIFY that on December 13, 2006,
a copy of the foregoing was served by **first class mail** on:

Hal P. Gazaway, Esq.
8620 Boundary Avenue
Anchorage, AK   99504

Attorney for Plaintiff


 s/  David A. Devine

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Case 3:05-cv-00181-TMB     Document 43     Filed 12/13/2006     Page 12 of 12

Reply Brief re Religious Discrimination Claim          *Trzesniowski v. Signature Flight Support*
Page 12 of 12                                          Case No. 3:05-cv-0181 (TMB)