David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
2600 Cordova Street - Suite 110
Anchorage, AK  99503
Phone:  (907) 562-6474
Fax:      (907) 562-6044
Email: DevineD@groheggers.com

Attorneys for Defendant Signature Flight Support Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD TRZESNIOWSKI,            )<br>                                                       )<br>           Plaintiff,                          )<br>                                                       )<br>    vs.                                              )<br>                                                       )<br>SIGNATURE FLIGHT SUPPORT )<br>CORPORATION                          )<br>                                                       )<br>           Defendant.                       )<br>_____) | No.  3:05-cv-0181 (TMB)<br><br>**SIGNATURE'S REPLY BRIEF<br>IN FURTHER SUPPORT OF<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT RE: FMLA** |

The affidavits of plaintiff and of Grant Thompson, submitted in support of plaintiff's opposition to motion for partial summary judgment re FMLA claim, both confirm that plaintiff's employer, Signature Flight Support Corporation, a Delaware corporation (hereinafter "Signature") did *not* employ 50 or more people within a 75-mile radius of Anchorage in 2003.  The list of Signature employees attached as Exhibit A to each affidavit is identical and identifies the names of the same **32** people.  Thus these affidavits from plaintiff confirm the affidavit of Lynn Shaw, Signature's Regional Human Resources Manager, which stated that Signature only employed a total of 32 people between its two facilities in Anchorage in 2003.  See Affidavit at Docket 30.

Both sides agree that plaintiff's employer, Signature, only employed 32 people in Anchorage in 2003. Nevertheless, plaintiff tries to avoid the jurisdictional requirement of the Family and Medical Leave Act by including within the definition of employer an entirely separate and distinct corporation: Signature Flight Support – AFSC, Inc., an Alaska corporation (hereinafter "AFSC").[1] In May 2002, over a year before Trzesniowski's alleged FMLA claim arose, the business, operations and employees of AFSC were transferred to yet another corporation, Aircraft Service International, Inc., a Delaware corporation (hereinafter "ASI"). Affidavit of Tom Mushovic at Docket 48.

Although plaintiff tries to blur the distinction between Signature and the other separate corporate entities by calling them all Signature, neither the affidavit of plaintiff nor the affidavit of Mr. Thompson claims that they were ever employed by AFSC or ASI. Neither affidavit identifies a single instance in which Signature borrowed an AFSC or ASI employee or in which AFSC or ASI borrowed a Signature employee. In fact, both plaintiff and Mr. Thompson admit in their affidavits that AFSC/ASI was a "union shop"[2], while plaintiff's and Mr. Thompson's employer (Signature) is a non-union company. Plaintiff's Opposition Brief *argues* that the affidavit of Mr. Thompson discussed that

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

---

[1] Signature Flight Support Corporation is a Delaware corporation. See Certificate of Good Standing attached as Ex. A hereto. On the other hand, Signature Flight Support – AFSC, Inc. was an Alaska corporation originally incorporated as Butler Aviation Anchorage, Inc. in 1981 and whose name was changed to Signature Flight Support – AFSC, Inc. in 1992. See Certificate and Certificate of Amendment attached as Ex. B hereto. They are two separate corporations domiciled in two different states.

[2] Trzesniowski Affidavit at ¶ 4 and Thompson Affidavit at ¶ 12.

"employees would occasionally work temporary assignments for the other locations",[3] but the affidavit only actually says Mr. Thompson worked for Signature at its two locations (on the East side of the airport and at the Executive Terminal on South side of the airport) where the combined total of 32 employees worked (Thompson Affidavit at ¶11). Mr. Thompson was careful to avoid swearing under oath that he was ever employed by AFSC or ASI (whose facility is on the North side of the airport) because he wasn't.

In fact, the most that Mr. Thompson would swear to was that he would often be sent to the AFSC/ASI facility on the Anchorage airport's north ramp to get fuel. Thompson Affidavit at ¶¶ 6 and 13. That is not surprising since AFSC/ASI is in the business of supplying fuel to businesses and airlines at the Anchorage International Airport. Affidavit of Tom Mushovic at Docket 48. Mr. Thompson's affidavit that he got fuel at the AFSC/ASI facility has no more bearing than if he were to swear that he often filled the company van at the nearest Tesoro service station. No one would claim on that basis that Tesoro was also his employer for FMLA purposes.

Plaintiff has not come forward with even a hint of admissible evidence to show that AFSC/ASI employed him for anything. Plaintiff was a Signature employee and nothing else; and since Signature did not employ 50 or more employees within a 75-mile radius of Anchorage in 2003, Trzesniowski has no cause of action under the FMLA. *Paleologos v. Rehab Consultants, Inc.*, 990 F.Supp. 1460 (D.Ga. 1998); *Harbert v. Healthcare Services Group, Inc.*, 391 F.3d 1140, 1144 (10th Cir. 2004).

---

[3] Opposition at 3 (Docket 38)

Signature's Reply Brief re FMLA                                   *Trzesniowski v. Signature Flight Support*
Page 3 of 8                                                       Case No. 3:05-cv-0181 (TMB)

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

## **Signature and AFSC/ASI Are Not An Integrated Employer**

Although Trzesniowski does not articulate his argument clearly, he is obviously claiming that Signature and AFSC/ASI should be deemed an integrated employer and that the employees of both corporations should be aggregated to satisfy the 50-employee jurisdictional requirement of the FMLA. However, Trzesniowski has not come forward with any evidence whatsoever that the two companies were his joint employer.

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). To prevent the entry of a summary judgment, Trzesniowski had to come forward with "significant, probative evidence tending to support his legal theory." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979) *quoting First National Bank v. Cities Service Co.*, 391 U.S. 253, 290 (1968). He cannot avoid summary judgment "based on nothing more than [his own] 'unsupported assumptions and speculation.'" *Mahan v. Arctic Catering,* 133 P.2d 655, 661 (Alaska 2006). However, in this case, Trzesniowski has offered nothing but unsupported assumptions and speculation, which is precisely the type of situation that calls for entry of a summary judgment.

The Affidavit of Tom Mushovic at Docket 48 demonstrates that Signature and AFSC/ASI were not joint employers of Trzesniowski or anyone else. The fact that Signature is a non-union shop, while AFSC/ASI is a union shop, demonstrates

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

conclusively that the two corporations do **not** share a common workforce and never have.[4] The corollary is equally true – the union employees of AFSC/ASI and the non-union employees of Signature did not share a common employer either.

In *Hukill v. Auto Care, Inc.*, 192 F.3d 437 (4th Cir. 1999), *cert. denied* 529 U.S. 1116 (2000), an employee sued his employer under the Family and Medical Leave Act. The employer had fewer than 50 employees, but since the owner of the company also owned stock of seven other auto service corporations in the same area and served as the president and chief executive officer of all of them, plaintiff argued that employees of all eight corporations should be aggregated in order to reach the 50-person jurisdictional requirement under the FMLA. Although there was certainly evidence of some interrelationship between the eight companies, the Second Circuit rejected the plaintiff's argument.

The Second Circuit discussed the "integrated employer" test and described it as follows:

> In determining whether to treat corporate entities as an "integrated employer," … the factors we should consider include: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control. However, no single factor is conclusive. **Nevertheless, control of labor operations is the most critical factor.**"

*Id.*, 192 F.3d at 442 (citations omitted) (emphasis added). In ruling that the various

---

[4] The Affidavits of Richard Trzesniowski at ¶ 4 and Grant Thompson at ¶ 12 submitted by Plaintiff in support of his Opposition also establish that the AFSC/ASI operation was "a union shop" "where union employees worked." Thus, the existence of separate workforces for the two corporations has been admitted.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

corporations were not a single employer for purposes of FMLA jurisdiction, the Second Circuit found it especially significant that even though all the corporations shared the same owner, president and chief executive officer, "each automobile service station and tire center [also had] its own manager, who controls the day-to-day operations of the service station or tire center and has the authority to hire and fire employees." *Id.* at 443. None of those managers had the power to hire, fire or control the work schedules of employees at other stations. Since no entity other than the one plaintiff actually worked for "made the final decision regarding Hukill's employment status" and because that entity employed "less than fifty employees," the Second Circuit concluded that the district court lacked "subject matter jurisdiction over Hukill's FMLA claim" against his employer. *Id.* at 444.

The Ninth Circuit follows the same rule. In *Childs v. Local 18, Internat'l Brotherhood of Electrical Workers*, 719 F.2d 1379 (9th Cir. 1983), the court held that there was no subject matter jurisdiction over a Title VII claim because the employer had fewer than 15 employees. The employee had argued that the employees of both the local union and the national IBEW should have been aggregated. The court rejected the argument noting that "[a]lthough Local 18 is chartered by the IBEW, it conducts its own labor relations, hires and fires employees on its own, elects its own officers, conducts its own collective bargaining, and has a separate treasury. We conclude, therefore, that Local 18 and the IBEW are not a single employer[.]" *Id.* at 1382. In *Herman v. United Brotherhood of Carpenters*, 60 F.3d 1375, 1383-1385 (9th Cir. 1995), the court applied

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

the same rule in a claim brought under the Age Discrimination in Employment Act.

Signature and AFSC/ASI are separate legal entities: Signature is a Delaware corporation, AFSC was an Alaska corporation, and ASI is a Delaware corporation. The companies have always had entirely separate workforces. Signature is a non-union employer, while AFSC/ASI is a union shop. Signature did not hire, fire, direct, supervise or discipline the AFSC/ASI workforce, and AFSC/ASI did not hire, fire, direct, supervise or discipline the Signature workforce. Affidavit of Tom Mushovic at Docket 48. Since 1985, Mr. Mushovic has managed the day-to-day business of AFSC/ASI, but he has never managed any aspect of Signature's business or its labor relations. *Id.* During Mr. Mushovic's 20+ year tenure, Signature has never managed any aspect of AFSC/ASI's business or participated in its labor relations. *Id.* During Mr. Mushovic's 20+ year tenure, Signature and AFSC/ASI have always been separate companies with separate operations, separate management, and entirely separate workforces. *Id.* They have never shared employees, and, in fact, AFSC/ASI's collective bargaining agreement with its union would absolutely prohibit sharing union and non-union employees. *Id.*

There is simply no evidence and no way to conclude that Signature and AFSC/ASI were joint employers of a shared workforce, which means the employees of these two separate corporations cannot be combined to satisfy the jurisdictional requirements of the FMLA. Since both sides to this lawsuit agree that Signature did not have 50 or more employees in Anchorage in 2003, Trzesniowski does not have a cognizable FMLA claim.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

## Conclusion

Plaintiff has not come forward with any evidence that AFSC/ASI was his joint employer. In fact, since AFSC/ASI has always been a separate corporation with its own unionized workforce, it is impossible that a non-union Signature employee like Trzesniowski could ever have worked for AFSC/ASI. Plaintiff has admitted that Signature only had 32 employees in Anchorage in 2003, including Mr. Trzesniowski himself. Because Signature did not have at least 50 employees working within a 75-mile radius of Trzesniowski's worksite, this Court does not have subject matter jurisdiction over plaintiff's FMLA claim. As a result, Count V of plaintiff's Amended Complaint must be dismissed with prejudice.

Respectfully submitted this 15th day of December, 2006.

> GROH EGGERS, LLC
>
> Attorneys for Defendant Signature
>
> By: s/ David A. Devine
> David A. Devine (AK Bar No. 7906015)
> GROH EGGERS, LLC
> 2600 Cordova Street, Suite 110
> Anchorage, AK 99503
> Phone: (907) 562-6474
> Fax: (907) 562-6044
> E-Mail: devined@groheggers.com

I HEREBY CERTIFY that on December 15, 2006,
a copy of the foregoing was served by **first class mail** on:

Hal P. Gazaway, Esq.
8620 Boundary Avenue
Anchorage, AK  99504

s/ David A. Devine

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044