IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| RICHARD TRZESNIOWSKI,<br><br>              Plaintiff,<br><br>  vs.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION,<br><br>              Defendant. | Case No.3:05-CV-00181-TMB<br><br><br>O R D E R |

     Plaintiff filed a five-count Amended Complaint alleging discrimination on the part of his former employer, Defendant Signature Flight Support Corporation. Plaintiff alleges as follows: **Count 1:** Breach of Employment Contract; **Count 2:** Breach of the implied covenant of good faith and fair dealing; **Count 3:** Hostile work environment; **Count 4:** Religious discrimination in violation of A.S. 18.80.220(a)(2)[1] and 42 U.S.C.e-2(a)(1) and (m); and **Count 5:** Violation of the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

## I. MOTION PRESENTED

     Defendant has filed a Motion for Partial Summary Judgment regarding Hostile Work Environment and Religious Discrimination (Counts 3 & 4), as well as a Motion for Partial Summary Judgment regarding FMLA (Count 5).

---

[1] A.S. 18.80.220(a)(2) states that it is unlawful for "*a labor organization*, because of a person's sex, marital status, changes in marital status, . . . religion, physical or mental disability, . . . to exclude or to expel a person from its membership, or to discriminate in any way against one of its members or an employer or an employee." Presumably Plaintiff intended to bring this claim under A.S. 18.80.220(a)(1), which states that it is unlawful for "*an employer* to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's race, religion, . . . physical or mental disability, sex, marital status, changes in marital status, . . . when the reasonable demands of the position do not require distinction . . ."

## II.  BACKGROUND

Plaintiff's employment began in 1993.  On April 12, 2000, Plaintiff suffered an on-the-job injury that resulted in a permanent injury.  Subsequently, on December 14, 2000, he was transferred to a new position with the same employer as a Customer Service Representative.  On July 14, 2003, Plaintiff was terminated from his employment.  This lawsuit was filed on July 11, 2005, and removed to Federal District Court on August 1, 2005.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[2]  The moving party has the burden of showing that there is no genuine issue of material fact.[3]  If the moving party meets that burden, then it falls upon the non-moving party to refute with facts which would indicate a genuine issue of fact for trial.[4]  Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[5]

## IV.  DISCUSSION

**Hostile Work Environment & Religious Discrimination**

Plaintiff has conceded that he failed to exhaust his remedies with respect to the EEOC.  Accordingly, the Federal prong of Count 4 was dismissed at oral argument.

With respect to the allegations of hostile work environment and religious discrimination under the Alaska Human Rights Act ("AHRA"), Defendant argues that such claims are barred because the few specific discriminatory events alleged by plaintiff all occurred more than two years before this lawsuit was filed.  The Alaska statute of limitations for torts or for actions based upon a statute is two years.

---

[2]   FED R. CIV. P. 56(c); *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

[3]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

[4]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]   *Id., See also, In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

> … [A] person may not bring an action (1) for libel, slander, assault, battery, seduction, or false imprisonment, (2) for personal injury or death, or injury to the rights of another not arising on contract and not specifically provided otherwise, … or (5) upon a liability created by statute … unless the action is commenced with two years of the accrual of the cause of action.[6]

Generally, the date on which the statute of limitations starts to run for a discrimination or harassment claim is "the date that the alleged incident occurs" which means that such a claim is "limited to acts occurring within the two years preceding [the] filing [of the complaint.]"[7] Trzesniowski filed his initial Complaint in state court on July 11, 2005, which means any isolated act of alleged discrimination or harassment occurring before July 11, 2003, is barred, absent some basis for extending the statutory period. The specific incidents that Trzesniowski describes occurred in October 2002 and earlier, although he complains that the harassment and discrimination were "ongoing." Accordingly, Plaintiff argues that the statute of limitations began to run on the date of his termination, July 14, 2003.

Under the continuing violations doctrine discussed in *Mahan*, certain patterns of ongoing discriminatory conduct can preserve a claim that might otherwise be time-barred. "To benefit from this theory, though, 'a plaintiff must first demonstrate that some discriminatory act occurred within the limitations period. The plaintiff must then show that the timely filed claim-based upon this act within the limitation period-is closely related to the otherwise time-barred claims.' Upon making this showing, the plaintiff can use evidence of earlier events to prove the defendant's liability for the acts within the statutory period."[8]

Trzesniowski admits that the last day he actually showed up for work was in April 2003, which, Defendant argues, means there is no discrimination claim he can assert that could possibly be within the statute of limitations period. This Court agrees. The record reflects that Plaintiff was continuously employed by Defendant from 1993 until his lengthy absence in May, June and July

---

[6] AS 09.10.70(a).

[7] *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 658 (Alaska 2006).

[8] *Id.* at 659 (internal citations omitted)..

2003.  It was only after this absence that Plaintiff's employment was terminated.  Plaintiff has not alleged any "hostile work environment" or "religious discrimination" claims related to his discharge.   The Court finds that Alaska's two-year statute of limitations precludes Counts 3 and 4.

**Family Medical Leave Act ("FMLA")**

The FMLA allows eligible employees of a covered employer to take job-protected leave for up to a total of 12 workweeks in any 12 months because of the birth or adoption of a child or to care for the serious health condition of the employee or certain family members.[9]  As part of the balance that was struck between the interests of employers and the interests of employees, Congress included an exception that excludes employers with fewer than 50 total employees,[10] or any employer who employs less than 50 employees within 75 miles of that employee's "worksite" ("the 50/75 provision").[11]   This provision "recognizes the difficulties an employer may have in reassigning workers to geographically separate facilities."[12]  The number of employees "is determined when the employee gives notice of the need for leave."[13]  Later fluctuations in the headcount do not affect the entitlement to leave for that specific notice.[14]

The parties agree that Signature Flight Support Corporation employed approximately 32 people on the date that Defendant was terminated.  Accordingly, Defendant argues that Signature has not employed, and does not employ, fifty or more people within a 75-mile radius of Trzesniowski's worksite in Anchorage, and therefore, as a matter of law, Plaintiff's claim under the FMLA must fail.

Plaintiff has filed exhibits with the Court that indicate that the same parent company that owned Defendant Signature Flight Support Corporation also owned Signature Flight Support-

---

[9]  29 C.F.R. § 825.100(a).

[10]  29 U.S.C. § 2611(4)(A)(I).

[11]  *Id.* § 2611(2)(B)(ii).

[12]  H.R.Rep. No. 102-135(I), at 37 (1991).

[13]  29 C.F.R. § 825.110(f).

[14]  *Id.*

AFSC, Inc., ("AFSC"), also located in Anchorage.  Plaintiff argues that these two entities combined employ in excess of 50 employees in Anchorage, and thus Defendant is a "covered employer" under the FMLA.  The exhibits reflect that Defendant Signature Flight Support Corporation, a Delaware corporation, owned all of the outstanding shares of  AFSC,  a subsidiary business corporation incorporated in Alaska.[15]  Effective December 31, 2003,  AFSC merged into Signature Flight Support Corporation, and the "separate existence" of AFSC ceased on that date.[16]

There is a strong presumption that a parent corporation is not the employer of its subsidiary's employees.[17]  The FMLA defines what employers are covered by the Act:

> (c) Normally the legal entity which employs the employee is the employer under FMLA. Applying this principle, a corporation is a single employer rather than its separate establishments or divisions.
>
>> (1) Where one corporation has an ownership interest in another corporation, it is a separate employer unless it meets the "joint employment" test discussed in § 825.106, or the "integrated employer" test contained in paragraph (c)(2) of this section.
>>
>> (2) Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. **Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility.** A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>>
>>> (I)     Common management;
>>> (ii)    Interrelation between operations;
>>> (iii)   Centralized control of labor relations; and
>>> (iv)   Degree of common ownership/financial control.[18]

---

[15]     *See* Docket 38-7, Certificate of Merger.

[16]     It is unclear whether AFSC had any employees at the time it was merged with its parent company.  Defendant states that "in May 2002, over a year before Trzesniowski's alleged FMLA claim arose, the business, operations and employees of AFSC were transferred to yet another corporation, Aircraft Service International, Inc., a Delaware corporation."

[17]     *Engelhardt v. S.P. Richards Co., Inc.*, 472 F.3d 1, 3 (1st Cir. 2006), *citing Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir.1997).

[18]  29 C.F.R. § 825.104 (emphasis added).

The issue, therefore, is whether all of the referenced entities (Defendant, AFSC, and ASI) should be considered "integrated employers" under the FMLA.[19] Applying the four-part test, the Court finds that the record reflects a significant amount of common ownership. However, there is little or no evidence of common management, interrelation of operations, or centralized control of labor relations.

The Court finds that Defendant did not have at least 50 employees working within a 75-mile radius of Trzesniowski's worksite on July 14, 2003, and therefore Plaintiff was not an "eligible employee of a covered employer" under the FMLA.

---

[19] Although Defendant makes repeated references to "joint employers" in its Reply brief, there is a distinction between "joint employers" and "integrated employers." "Joint employers may be separate and distinct entities with separate owners, managers and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist . . ." 29 C.F.R. § 825.106. The issue in this case involves "integrated employers." "The difference between the "joint employer" and the "integrated employer" tests turns on whether the plaintiff seeks to impose liability on her legal employer or another entity. Compare 29 C.F.R. § 825.106 with § 825.104(c)(2). The former looks to whether there are sufficient indicia of an employer/employee relationship to justify imposing liability on the plaintiff's non-legal employer. The latter applies where . . . liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related such that its actions, or in this case, size, can be attributable to the legal employer." 472 F.3d at fn. 2.

## V.  CONCLUSION

Defendant's Motions for Partial Summary Judgment at Docket nos. 26 and 29 are GRANTED.  Counts 3, 4 and 5 of the Amended Complaint are DISMISSED WITH PREJUDICE.

The parties are directed to file a status report within 15 days of the date of this order, advising whether or not the Court's assistance is requested to arrange a settlement conference with another District Court Judge.

Dated at Anchorage, Alaska, this 27th day of September, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge